L. H. BIRD, Appellant, v. J. B. BARRETT et al., Appellees.
No. 38697.

APRIL 2, 1929.

*Kimball, Peterson, Smith & Peterson,* for appellant.

*R. J. Organ,* for appellees.

FAVILLE, J.—On October 21, 1924, a bank located at Little Sioux, Harrison County, Iowa, was "robbed." An unincorporated association of banks located in said county, called the Harrison County Bankers' Association, offered a reward of $1,000 for the apprehension of the robbers of said bank. The robbery was committed by three individuals. The appellant claims to have captured one of said bank robbers, "single-handed and alone," in Mills County. Appellant claims to be entitled to one third of said total reward, or $333.33.

The appellees in this action are members of a committee that was appointed by the said Harrison County Bankers' Association to make a division of the reward that was offered. Said appellees, acting as such committee, made a division of the said sum of $333.33 among four individuals, including the appellant, who was paid one fourth of said sum, to wit, $83.35. The appellant alleges in his petition that the Harrison County Bankers' Association is an unincorporated association, and a voluntary association, organized for the purpose of protection and for social purposes. It is also alleged, and the evidence sustains the allegation, that the appellees J. B. Barrett, Fogelsong, and Peterson constituted a committee appointed by said Harrison County Bankers' Association, to make division of the said reward. The appellee J. F. Barrett was secretary of said association. The appellant alleges that the appellees consented to the division of the reward as made, and in so doing, were represent-

ing their principal, the said Harrison County Bankers' Association. The offer to pay the reward was made by the voluntary unincorporated association, which was an association of banks. The individual appellees were not members of the association, but were simply a committee that was designated by the association to make distribution of the reward referred to. The appellees in no way or manner made the offer of the reward, either in their individual capacity or as agents for the said association. Appellant had nothing to do with their selection; and, as we understand the record, they were not selected until after the appellant had rendered the service in effecting the capture of the robber. Appellant bases his cause of action upon the theory that the appellees, as such committee, in making distribution of said reward, failed to give to him the full amount which he claims was due him. His contention is that he "captured said robber single-handed and alone," and was, therefore, entitled to the full amount of said reward for the capture of one robber, to wit, $333.33. The appellees, as such committee, awarded the appellant one fourth of said amount, and divided the balance among three other parties who claimed to have participated in the capture.

Appellant cites authorities to the effect that the agents of an unincorporated association may be personally liable for their acts for and in behalf of said unincorporated organization, even though said association, not being a legal entity, cannot be sued. Such rule of law, even if it be conceded, would not entitle the appellant to recover in this action. He had no dealings with the appellees as agents of the association. They did not offer the reward in behalf of said association. They were simply a committee selected by the association to make a distribution of a certain fund which had been offered as a reward. The appellant claims that the distribution was improperly made, and that he, as one of the claimants to the fund, was entitled to a larger amount than was distributed to him. Even if this were true, the appellant cannot recover from this committee personally for the manner in which they have made distribution of said fund. They may be responsible to their principal, the Bankers' Association, for their acts, but they are not personally and individually responsible to the appellant for failing to award him the amount that he claims was his due. There was no trust fund

in the hands of this committee for distribution. They did not handle the money themselves, and were never custodians of it. They simply acted as a committee, to ascertain to whom, in their judgment, the reward should be paid, and made their report to the Bankers' Association, and the said association paid the reward in accordance with the findings of said committee. We fail to find any relationship between the appellant and the appellees that could be made the basis of a recovery against said appellees individually for the amount claimed by the appellant.

The judgment is—*Affirmed.*

ALBERT, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.